UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JACKIE BERGER,

        Plaintiff,

v.                                Case No. 3:17-cv-1191-J-34JBT

M.B. CARLTON
AND M.R. WILLIAMS,

        Defendants.

## **ORDER**

### **I. Status**

Plaintiff Jackie Berger, an inmate of the Florida penal system, initiated this action on October 24, 2017, by filing a pro se Civil Rights Complaint (Doc. 1) pursuant to 42 U.S.C. § 1983. He filed an Amended Complaint (Doc. 5) on December 6, 2017, and a Second Amended Complaint (SAC; Doc. 27) on June 21, 2018. In the SAC, Berger names the following Defendants: (1) Captain M.B. Carlton, and (2) Sergeant M.R. Williams. He asserts that Defendants violated his Eighth Amendment right when they directed the use of chemical agents and denied him a timely decontamination shower. As relief, he requests compensatory and punitive damages.

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Motion; Doc. 30). The Court advised Berger that granting a motion to dismiss would be an adjudication of the case that could foreclose subsequent litigation on the matter, and gave him an opportunity to respond. See Orders

(Docs. 9, 33, 36). Plaintiff filed a response in opposition to the Motion. See Plaintiff's Opposition to Defendants' Motion to Dismiss (Response; Doc. 37). Defendants' Motion is ripe for review.

## II. Motion to Dismiss Standard

In ruling on a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff must still meet some minimal pleading requirements. Jackson v. Bellsouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." See Iqbal, 556 U.S. at 678, 680. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]'" Id. at 678 (quoting Twombly, 550 U.S. at 570). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Alford v. Consol. Gov't of Columbus, Ga., 438 F. App'x

837, 839 (11th Cir. 2011)[1] (quoting GJR Invs., Inc. v. Cty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citation omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 706).

### III. Second Amended Complaint[2]

Berger asserts that Defendant Williams allegedly saw him on January 20, 2017, "shouting obscenities toward staff," kicking his cell door, and encouraging other inmates to break the sprinkler heads. SAC at 10. He states that he and his cellmate (Latwain McClaren, #U26804) explained to Defendant Carlton that they were not the ones who incited the disturbance. See id. According to Berger, Carlton talked to other inmates (Allen Willich, #J39576; Carlton Holliman, #169976) about their involvement in the disturbance, and ultimately discredited the inmates' accounts and relied on Williams' statement that Berger had shouted at staff and caused the disturbance. See id. at 10-11. Berger avers that Carlton

---

[1] "Although an unpublished opinion is not binding . . . , it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

[2] The SAC is the operative pleading. In considering a motion to dismiss, the Court must accept all factual allegations in the SAC as true, consider the allegations in the light most favorable to the plaintiff, and accept all reasonable inferences that can be drawn from such allegations. Miljkovic v. Shafritz and Dinkin, P.A., 791 F.3d 1291, 1297 (11th Cir. 2015) (quotations and citations omitted). As such, the recited facts are drawn from the SAC and may differ from those that ultimately can be proved.

authorized the chemical spraying, and accordingly an unknown officer sprayed chemical agents in Berger's face, mouth, and eyes. See id. at 11-12. He further maintains that Carlton and Williams denied him a decontamination shower for over ninety-five minutes. See id. at 12. According to Berger, he suffered injuries (blurred and deteriorating vision, dermatological issues, lung congestion, uncontrollable wheezing, shortness of breath, and constant coughing) that "led to months of medical attention," as a result of the chemical spraying and denial of a timely decontamination shower. Id. at 12-13.

### IV. Summary of the Arguments

In the Motion, Defendants maintain that Berger fails to state an Eighth Amendment claim against them. See Motion at 6-7. Additionally, they state that they are entitled to qualified immunity, see id. at 7-9, Carlton is not liable on the basis of respondeat superior, see id. at 9-10, and Berger is not entitled to compensatory and punitive damages under 42 U.S.C. § 1997e(e) because he has not alleged any physical injuries that are more than de minimis, resulting from Defendants' acts and/or omissions, see id. at 10-13. In response to Defendants' Motion, Berger asserts that he has alleged facts sufficient to state plausible claims under the Eighth Amendment. See Response at 3-5. He also maintains that Defendants are not entitled to qualified immunity, see id. at 5-6, Carlton personally participated in the federal constitutional

deprivations, see id. at 6-7, and Berger's resulting physical injuries are more than de minimis, see id. at 8-9. As such, Berger requests that the Court deny Defendants' Motion. See id. at 10.

## V. Discussion

### A. Eighth Amendment Excessive Use of Force

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Additionally, the Eleventh Circuit requires "'an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation' in § 1983 cases." Rodriguez v. Sec'y, Dep't of Corr., 508 F.3d 611, 625 (11th Cir. 2007) (quoting Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986)). In the absence of a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendants.

With respect to the appropriate analysis in an excessive use of force case, the Eleventh Circuit has explained.

> [O]ur core inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v.

6

> McMillian, 503 U.S. 1, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992). In determining whether force was applied maliciously and sadistically, we look to five factors: "(1) the extent of injury; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) any efforts made to temper the severity of a forceful response; and (5) the extent of the threat to the safety of staff and inmates[, as reasonably perceived by the responsible officials on the basis of facts known to them]..." Campbell v. Sikes, 169 F.3d 1353, 1375 (11th Cir. 1999) (quotations omitted).[3]

McKinney v. Sheriff, 520 F. App'x 903, 905 (11th Cir. 2013) (per curiam). "When considering these factors, [courts] 'give a wide range of deference to prison officials acting to preserve discipline and security, including when considering decisions made at the scene of a disturbance.'" Fennell v. Gilstrap, 559 F.3d 1212, 1217 (11th Cir. 2009) (per curiam) (quoting Cockrell v. Sparks, 510 F.3d 1307, 1311 (11th Cir. 2007)).

"The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Hudson v. McMillian, 503 U.S. 1, 9-10 (1992) (internal quotations and citations omitted). Indeed, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9 (citation omitted). Notably, a lack of serious injury is relevant to the

---

[3] See Whitley v. Albers, 475 U.S. 312, 321 (1986).

7

inquiry. See Smith v. Sec'y, Dep't of Corr., 524 F. App'x 511, 513 (11th Cir. 2013) (per curiam) (quoting Wilkins v. Gaddy, 559 U.S. 34, 38 (2010)). The United States Supreme Court explained.

> This is not to say that the "absence of serious injury" is irrelevant to the Eighth Amendment inquiry. Id. at 7, 112 S.Ct. 995 (opinion of the Court).[4] "[T]he extent of injury suffered by an inmate is one factor that may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation." Ibid. (quoting Whitley, supra, at 321, 106 S.Ct. 1078).[5] The extent of injury may also provide some indication of the amount of force applied. As we stated in Hudson, not "every malevolent touch by a prison guard gives rise to a federal cause of action." 503 U.S. at 9, 112 S.Ct. 995. "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id., at 9–10 (some internal quotation marks omitted). An inmate who complains of a "'push or shove'" that causes no discernible injury almost certainly fails to state a valid excessive force claim. Id., at 9 (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973)).[6]
>
> Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts. An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim

---

[4] Hudson, 503 U.S. 1.

[5] Whitley v. Albers, 475 U.S. 312 (1986).

[6] See Johnson, 481 F.2d at 1033 ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.").

8

>merely because he has the good fortune to escape without serious injury.

Wilkins, 559 U.S. at 37-38.

Defendants seek dismissal of Berger's Eighth Amendment claim against them, arguing that Berger fails to provide sufficient facts that would entitle him to relief. See Motion at 6-7. They maintain that Berger was sprayed with chemical agents for disobeying a lawful order to cease the disturbance. Viewing the facts in the light most favorable to Berger, as the Court must, the Court is not so convinced. Berger has alleged facts sufficient to state plausible claims under the Eighth Amendment. In reaching this conclusion, the Court observes that Berger asserts that Carlton and Williams authorized and/or directed the January 20, 2017 chemical spraying, and denied him a timely decontamination shower, resulting in severe, long-term dermatological, breathing, and vision issues that required medical attention for an extended period.[7] The Court declines to find that these allegations if proven would fail to state a plausible claim for a violation of the Eighth Amendment. As such, Defendants' Motion is due to be denied as to Berger's Eighth Amendment claims against them.

---

[7] See SAC at 12 (stating Berger received months of medical treatment); Response at 9 (describing injuries and pain that persisted for over one year).

## B. Qualified Immunity

Defendants Carlton and Williams alternatively assert that they are entitled to qualified immunity. See Motion at 7-9. As to qualified immunity, the Eleventh Circuit stated:

> To invoke qualified immunity, a public official must first demonstrate that he was acting within the scope of his or her discretionary authority. Maddox v. Stephens, 727 F.3d 1109, 1120 (11th Cir. 2013). As we have explained the term "discretionary authority," it "include[s] all actions of a governmental official that (1) were undertaken pursuant to the performance of his duties, and (2) were within the scope of his authority." Jordan v. Doe, 38 F.3d 1559, 1566 (11th Cir. 1994) (internal quotation marks omitted). Here, it is clear that Defendant Officers satisfied this requirement, as they engaged in all of the challenged actions while on duty as police officers conducting investigative and seizure functions.
>
> Because Defendant Officers have established that they were acting within the scope of their discretionary authority, the burden shifts to [the plaintiff] to demonstrate that qualified immunity is inappropriate. See id. To do that, [the plaintiff] must show that, when viewed in the light most favorable to him, the facts demonstrate that Defendant Officers violated [Plaintiff's] constitutional right and that that right was "clearly established ... in light of the specific context of the case, not as a broad general proposition[,]" at the time of Defendant officers' actions. Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), overruled in part on other grounds by Pearson, 555 U.S. 223, 129 S.Ct. 808. We may decide these issues in either order, but, to survive a qualified-immunity defense, [the plaintiff] must satisfy both showings. Maddox, 727 F.3d at 1120-21 (citation omitted).

Jones v. Fransen, 857 F.3d 843, 850-51 (11th Cir. 2017).

The Eleventh Circuit has explained the proper analysis when a district court considers a motion to dismiss based on qualified immunity.

> When presented with the officers' motions to dismiss, both our precedent and precedent from the Supreme Court instruct the district court to analyze whether, taking [Plaintiff]'s allegations as true, the . . . complaint asserted a violation of a clearly established constitutional right. See Chesser v. Sparks, 248 F.3d 1117, 1121 (11th Cir. 2001) ("[T]he [qualified immunity] defense may be raised and considered on a motion to dismiss; the motion will be granted if the 'complaint fails to allege the violation of a clearly established constitutional right.'") (quoting Williams, 102 F.3d at 1182)[8]; Santamorena v. Ga. Military College, 147 F.3d 1337, 1342 (11th Cir. 1998) (affirming grant of motion to dismiss on qualified immunity grounds because the "complaint fail[ed] to allege the violation of a clearly established constitutional right"). See also Siegert v. Gilley, 500 U.S. 226, 232, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991) ("A necessary concomitant to the determination of whether the constitutional right asserted by a plaintiff is 'clearly established' at the time the defendant acted is the determination of whether the plaintiff has asserted a violation of a constitutional right at all. Decision of this purely legal question permits courts expeditiously to weed out suits which fail the test without requiring a defendant who rightly claims qualified immunity to engage in expensive and time consuming preparation to defend the suit on its merits."). . . .

---

[8] Williams v. Ala. State Univ., 102 F.3d 1179, 1182 (11th Cir. 1997).

Joseph v. Gee, 708 F. App'x 642, 643-44 (11th Cir. 2018) (per curiam).

Defendants Carlton and Williams assert that they are entitled to qualified immunity because they did not violate Berger's Eighth Amendment right. See Motion at 8-9. However, upon review of the SAC, the Court finds this assertion unavailing. The Court is of the view that Berger has stated plausible Eighth Amendment claims against Defendants Carlton and Williams, and therefore, the Defendants are not entitled to qualified immunity at this stage of the litigation. Accordingly, Defendants' Motion based on qualified immunity is due to be denied.

### C. Supervisory Liability

Defendant Carlton asserts that he is not liable on the basis of respondeat superior. See Motion at 9-10. Carlton maintains that, as a supervisor, he is not responsible for the acts and/or omissions of Williams, a subordinate officer. The United States Court of Appeals for the Eleventh Circuit has stated:

> "Supervisory officials are not liable under section 1983 on the basis of respondeat superior or vicarious liability." Belcher v. City of Foley, Ala., 30 F.3d 1390, 1396 (11th Cir. 1994) (internal quotation marks and citation omitted). "The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous." Gonzalez, 325 F.3d at 1234 (internal quotation marks and citation omitted).[9] "Supervisory liability occurs

---

[9] Gonzalez v. Reno, 325 F.3d 1228 (11th Cir. 2003).

> either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation." Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990).
>
> "The necessary causal connection can be established 'when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so.'" Cottone, 326 F.3d at 1360 (citation omitted).[10] "The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." Brown, 906 F.2d at 671. A plaintiff can also establish the necessary causal connection by showing "facts which support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so," Gonzalez, 325 F.3d at 1235, or that a supervisor's "custom or policy . . . resulted in deliberate indifference to constitutional rights," Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991).

Danley v. Allen, 540 F.3d 1298, 1314 (11th Cir. 2008) (overruled on other grounds as recognized by Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010) (rejecting the application of a heightened pleading standard for § 1983 cases involving qualified immunity)); see also Keith v. DeKalb Cty., Ga., 749 F.3d 1034, 1047-48 (11th Cir. 2014). In sum,

> To state a claim against a supervisory defendant, the plaintiff must allege (1) the

---

[10] Cottone v. Jenne, 326 F.3d 1352 (11th Cir. 2003).

> supervisor's personal involvement in the violation of his constitutional rights,[11] (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights,[12] (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it,[13] or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct. See id. at 1328-29 (listing factors in context of summary judgment).[14] A supervisor cannot be held liable under § 1983 for mere negligence in the training or supervision of his employees. Greason v. Kemp, 891 F.2d 829, 836-37 (11th Cir. 1990).

Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011) (per curiam). To the extent Berger seeks to impose liability on Defendant Carlton on the basis of respondeat superior, Defendants' Motion is due to be granted. Otherwise, the Motion as to Berger's claims against Carlton is due to be denied. Upon review, Berger alleges sufficient

---

[11] See Goebert v. Lee Cty., 510 F.3d 1312, 1327 (11th Cir. 2007) ("Causation, of course, can be shown by personal participation in the constitutional violation.").

[12] See Goebert, 510 F.3d at 1332 ("Our decisions establish that supervisory liability for deliberate indifference based on the implementation of a facially constitutional policy requires the plaintiff to show that the defendant had actual or constructive notice of a flagrant, persistent pattern of violations.").

[13] See Douglas v. Yates, 535 F.3d 1316, 1322 (11th Cir. 2008) ("Douglas's complaint alleges that his family informed [Assistant Warden] Yates of ongoing misconduct by Yates's subordinates and Yates failed to stop the misconduct. These allegations allow a reasonable inference that Yates knew that the subordinates would continue to engage in unconstitutional misconduct but failed to stop them from doing so.").

[14] West v. Tillman, 496 F.3d 1321 (11th Cir. 2007).

facts suggesting that Carlton was personally involved in, or otherwise causally connected to, alleged violations of his federal statutory or constitutional rights. See SAC at 10-12.

**D. Physical Injury Requirement
42 U.S.C. § 1997e(e)**

Next, the Court turns to Defendants' assertions that Berger is not entitled to compensatory and punitive damages under 42 U.S.C. § 1997e(e) because he has not alleged any physical injuries that are more than de minimis, resulting from Defendants' acts and/or omissions. See Motion at 10-13. In Brooks v. Warden, 800 F.3d 1295 (11th Cir. 2015), the Eleventh Circuit Court of Appeals addressed the availability of compensatory and punitive damages as well as nominal damages in suits brought by prisoners under § 1983. The Eleventh Circuit stated:

> [Plaintiff]'s claim, however, is further governed by the Prison Litigation Reform Act of 1995 [(PLRA)], Pub.L. No. 104–134, §§ 802–10, 110 Stat. 1321, 1366–77 (1996). The PLRA places substantial restrictions on the judicial relief that prisoners can seek, with the goal of "reduc[ing] the number of frivolous cases filed by imprisoned plaintiffs, who have little to lose and excessive amounts of free time with which to pursue their complaints." Al–Amin v. Smith, 637 F.3d 1192, 1195 (11th Cir. 2011) (quoting Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002)). The section of the Act at issue here, 42 U.S.C. § 1997e(e), reads this way:
>
>> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody

15

> without a prior showing of physical
> injury or the commission of a sexual
> act....
>
> This Court has held that § 1997e(e) applies to all federal civil actions, including constitutional claims brought under § 1983. See Harris v. Garner (Harris II), 216 F.3d 970, 984–85 (11th Cir. 2000) (en banc)....
>
> In this case, [Plaintiff] did not allege any physical injury . . . . Nevertheless, he sought "compensatory . . . punitive, and nominal damages" from [Defendant]. **Under the statute and our caselaw, an incarcerated plaintiff cannot recover either compensatory or punitive damages for constitutional violations unless he can demonstrate a (more than de minimis) physical injury.** See Al-Amin, 637 F.3d at 1198 (punitive); Harris v. Garner (Harris I), 190 F.3d 1279, 1286 (11th Cir. 1999) (compensatory), reh'g en banc granted and opinion vacated, 197 F.3d 1059 (11th Cir. 1999), opinion reinstated in relevant part, 216 F.3d 970. However, we have never had the opportunity in a published opinion to settle the availability of nominal damages under the PLRA. We do today, and we hold that nothing in § 1997e(e) prevents a prisoner from recovering nominal damages for a constitutional violation without a showing of physical injury.

Brooks, 800 F.3d at 1307-08 (emphasis added).

To satisfy § 1997e(e), a prisoner must assert physical injury that is more than de minimis, but the injury does not need to be significant. See Thompson v. Sec'y, Fla. Dep't of Corr., 551 F. App'x 555, 557 (11th Cir. 2014) (citation omitted); Dixon v. Toole, 225 F. App'x 797, 799 (11th Cir. 2007). Despite § 1997e(e)'s limitation, successful constitutional claimants who lack a physical injury may still recover nominal damages. See Hughes v. Lott, 350

16

F.3d 1157, 1162 (11th Cir. 2003) ("Nominal damages are appropriate if a plaintiff establishes a violation of a fundamental constitutional right, even if he cannot prove actual injury sufficient to entitle him to compensatory damages."). Further, the Eleventh Circuit has instructed courts to dismiss an inmate's compensatory and punitive damages claims under § 1997e(e) without prejudice to allow an inmate to refile when and if the inmate is released. See Harris v. Garner, 216 F.3d 970, 980 (11th Cir. 2000).

Taking Berger's allegations as to his injuries as true, he asserts physical injuries that are greater than de minimis. The injuries Berger complains about are allegedly the result of Defendants Carlton and Williams authorizing and/or directing the chemical spraying, and denying him a timely decontamination shower. According to Berger, he suffered partial blindness, dermatological issues, and respiratory difficulties that required several months of medical treatment, as a result of the chemical spraying and delayed decontamination shower. See SAC at 9, 12-13.

Here, Berger's alleged injuries, described as dermatological, vision, and respiratory distress leading to months of medical treatment, cross § 1997e(e)'s de minimis threshold. See Thompson, 551 F. App'x at 557 n.3 (describing an approach of asking whether the injury would require a free world person to visit an emergency room or doctor) (citing Luong v. Hatt, 979 F. Supp. 481, 486 (N.D. Tex. 1997) ("A physical injury is an observable or diagnosable

17

medical condition requiring treatment by a medical care professional. It is not a sore muscle, an aching back, a scratch, an abrasion, a bruise, etc., which lasts even up to two or three weeks.")). Thus, Defendants' Motion is due to be denied to the extent that the Court finds Berger's request for compensatory and punitive damages is not precluded under § 1997e(e) because he alleges that he suffered physical injuries that are greater than de minimis.

Therefore, it is now

**ORDERED**:

1. Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. 30) is **GRANTED** to the extent Berger seeks to impose liability on Defendant Carlton on the basis of respondeat superior. Berger's claims against Defendant Carlton on the basis of respondeat superior are **DISMISSED**. Otherwise, Defendants' Motion is **DENIED**.

2. Defendants Carlton and Williams, no later than **February 20, 2019**, must answer or otherwise respond to the SAC, the operative complaint.

3. The parties shall conduct discovery so the due date of any discovery requested is no later than **June 24, 2019**. Any motions relating to discovery shall be filed by **July 15, 2019.**

4. All motions to dismiss and/or for summary judgment must be filed by **July 25, 2019.**[15]

5. Responses to any motions to dismiss and/or for summary judgment must be filed by **September 6, 2019.**

6. The parties are encouraged to discuss the possibility of settlement and notify the Court if their efforts are successful. In doing so, Plaintiff and Defendants are encouraged to maintain a realistic approach in making and/or considering any settlement offers. If the parties are unable to settle the case privately, and want a Magistrate Judge to conduct a settlement conference, they should notify the Court.

7. As to the taking of Plaintiff's deposition, if necessary, the Court grants permission to Defendants' counsel. Defendants' counsel must contact the Warden of Plaintiff's institution to arrange an appropriate time and place for the deposition.

8. Plaintiff is advised that any documents submitted for the Court's consideration must be legible. Portions of Plaintiff's filings are illegible and/or difficult to decipher, especially when electronically scanned. Therefore, Plaintiff is encouraged to use a black pen, not pencil. The Court may strike documents that are not in compliance with these instructions.

---

[15] The Court requires the complete transcript of any deposition submitted as an exhibit.

9. The Court expects strict compliance with the Court's deadlines.

**DONE AND ORDERED** at Jacksonville, Florida, this 22nd day of January, 2019.

*Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

sc 1/22
c:
Jackie Berger, FDOC #M38196
Counsel of Record